<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                          :
FREDERICK LEONG,                          :
                                          :    Civil Action No. 16-5541-BRM-TBJ
                   Plaintiff,             :
                                          :
         v.                               :
                                          :
ARROW LIMOUSINE,                          :
                                          :    **OPINION**
                   Defendant.             :
_____:

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is Defendant Arrow Limousine's ("Defendant") Motion to Dismiss the Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 12). Plaintiff Frederick Leong ("Plaintiff") did not file an opposition to and therefore does not oppose the motion. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. Because Plaintiff is appearing *pro se*, the Court will conduct a merits analysis despite his failure to oppose the Motion to Dismiss. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); *see also Chocallo v. I.R.S. Dep't of the Treasury,* 145 F. App'x 746, 747-48 (3d Cir. 2005) ("The District Court erred . . . by relying on a local rule to grant the motion to dismiss a *pro se* litigant's complaint as unopposed without undertaking a merits analysis."). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a former employee of Defendant. (ECF No. 1 at 4.) On March 11, 2016, Plaintiff made physical contact (the "Altercation") with Fred Gordon ("Gordon"), another employee. (*Id.*) In response to the contact, Gordon yelled that Plaintiff was not allowed to touch him. (*Id.*) Plaintiff responded by asking Gordon "what is [sic] going to do?" (*Id.*) Gordon then reported the Altercation to Ted Caffyn,[1] who in turn told Plaintiff to go home because he was "wrong" and advised Plaintiff that he would be fired. (*Id.*)

On March 14, 2016, Eddie Somers[2] terminated Plaintiff because of the Altercation. (*Id.*) On October 6, 2016, Plaintiff filed a Complaint against Defendant alleging Defendant discriminated against him. (*Id.* at 4-5.) Specifically, Plaintiff alleges he was discriminated against for not taking part in a blood drive or attending a Christmas party. (*Id.* at 5.) On December 28, 2016, Defendant filed a Motion to Dismiss. (ECF No. 12.) Plaintiff did not file any opposition to the motion. On February 1, 2017, Defendant filed a letter indicating it served Plaintiff with a copy of Defendant's Motion to Dismiss, but that Plaintiff has failed to respond. (ECF No. 13.) Defendant's letter further requests "that its motion to dismiss be granted, and that the Complaint be dismissed." (*Id.*) As stated above, the Court will engage in a merits analysis due to the Plaintiff's *pro se* status.

---

[1] The Complaint does not specify Ted Caffyn's title or position at Arrow Limousine. However, Defendant's Motion suggests he was part of management. (Def.'s Br. (ECF No. 12-1) at 2.)

[2] Again, the Complaint does not specify Eddie Somers's title or position at Arrow Limousine. However, Defendant's Motion states he is the owner of Arrow Limousine. (ECF No. 12-1 at 2.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

Defendant argues Plaintiff's Complaint must be dismissed because he has failed to allege any facts demonstrating he is entitled to relief. (ECF No. 12-1 at 4.) Specifically, Defendant argues the Complaint "is devoid of any specific causes of action" and "vaguely asserts that Plaintiff was the victim of an unspecified form of discrimination." (*Id.* at 4-5.) Defendant argues that since Plaintiff's Complaint is "devoid of any allegation that Plaintiff belongs to a protected class, or that his termination occurred under circumstances that give rise to an inference of discrimination," it should be dismissed. (*Id.* at 5.) The Court agrees.

Although Plaintiff's Complaint is devoid of any legal allegations, the Court interprets Plaintiff's Complaint to allege Title VII and New Jersey Law Against Discrimination ("NJLAD") violations. *See Healy v. U.S. Post Office*, 644 F. App'x 163 (3d Cir. 2016) (stating "[p]ro se complaints must be construed liberally") (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)). Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *Slagle v. Cty. of Clarion*, 435 F.3d 262, 265 (3d Cir. 2006); *see* 42 U.S.C. § 2000e-2. Title VII further provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

4

42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340 (3d Cir. 2006), *as amended* (Sept. 13, 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

The NJLAD prohibits discrimination against individuals on the basis of "race, creed, color, national origin, ancestry, age, sex, gender identity or expression, affectional or sexual orientation, marital status." N.J.S.A. § 10:5-3. The NJLAD further prohibits an employer from taking any retaliatory action against an employee who engages in a protected activity. *N.J.S.A.* § 10:5–12(d). "An NJLAD retaliation claim can only succeed where the plaintiff shows that he or she faced reprisal for opposing conduct that the NJLAD prohibits, including discrimination on the basis of race, color, religion, sex, or national origin." *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 676 (D.N.J. 2015).

Nothing in Plaintiff's Complaint remotely suggests Defendant discriminated against Plaintiff based on a protected class under either Title VII or the NJLAD or that Defendant opposed conduct that Title VII or the NJLAD prohibits. Rather, Plaintiff's Complaint merely states he was terminated due to the altercation Plaintiff engaged in while at work. (ECF No. 1 at 4.) Plaintiff also claims he was terminated for seeking alternate employment, not attending a blood drive, and not attending a Christmas party. Without more, this Court fails to see how any of these acts are protected categories under any applicable employment laws. Accordingly, Defendant's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE.** To the extent Plaintiff intended to raise other

5

claims, he has failed to do so and may file an amended complaint within thirty (30) days of this Opinion.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint **WITHOUT PREJUDICE**.

Date: July 17, 2017  */s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**