UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK LEONG,                    :
                                    :   Civil Action No. 16-5541-BRM-TBJ
            Plaintiff,              :
                                    :
        v.                          :
                                    :
ARROW LIMOUSINE,                    :
                                    :   **MEMORANDUM ORDER**
            Defendant.              :
_____:

**THIS MATTER** is before the Court on: (1) *pro se* Plaintiff Frederick Leong's ("Leong") letter request to reopen his case (ECF No. 16); (2) Defendant Arrow Limousine's ("Arrow") Motion to Dismiss Leong's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 18); and (3) Leong's Motion for Appoint of *Pro Bono* Counsel (ECF No. 21). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. Having reviewed the parties' submissions, for the reasons set forth below, and for good cause shown, all motions are **DENIED**, the case will remain **CLOSED**, and the case will be dismissed with prejudice if Leong fails to file a motion to amend his complaint within thirty (30) days.

The underlying facts of this case are set forth in the Court's Opinion, dated July 17, 2017, in which the Court granted Arrow's unopposed Motion to Dismiss. (ECF No. 14.) Despite the motion being unopposed, and due to Leong's *pro se* status, the Court conducted a merits analysis and found the Complaint failed to state a claim for discrimination. (*Id.*) Accordingly, the Court dismissed the Complaint without prejudice and closed the matter, but allowed Leong thirty days to amend his complaint. (*Id.*) In response, on July 26, 2017, Leong filed a two-sentence letter, asking the Court to reopen his case because "Mr. Ted Caffyn, the service manager of Arrow

1

Limousine patronized me as being stupid and having no rights." (ECF No. 16.) Arrow objected, arguing Leong's "letter is insufficient to amend the complaint and reopen Plaintiff's lawsuit." (ECF No. 17.)

On August 25, 2017, after the time for Leong to file his amended complaint expired, Arrow filed a motion to dismiss the complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), based on Leong's failure to prosecute his case. While Leong has not objected to Arrow's motion, he has filed two requests for the appointment of *pro bono* counsel. (ECF Nos. 19 and 21.) Arrow opposes the appointment of counsel. (ECF Nos. 20 and 22.)

The Court must first address Leong's letter to reopen his case. (ECF No. 16.) The sole reason provided by Leong is that "Mr. Ted Caffyn, the service manager of Arrow Limousine patronized me as being stupid and having no rights." (*Id.*) This is an insufficient reason to reopen the case.

However, "[p]*ro se* complaints must be construed liberally," *Healy v. U.S. Post Office*, 644 F. App'x 163 (3d Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)), and therefore, the Court gives Leong the benefit of the doubt and assumes the letter is Leong's attempt—albeit a procedurally deficient one—to comply with the Court's order and amend his Complaint. Nevertheless, Leong fails to state a claim. The additional allegation set forth in his letter does not resolve deficiencies in the Complaint and therefore does not change the decision of the Court, or the reasons in support thereof, as set forth in its July 17, 2017 Order and Opinion dismissing and closing the case. Accordingly, Leong's request to reopen his case is denied.

Arrow moves to dismiss Leong's Complaint with prejudice, arguing, pursuant to Federal Rule of Civil Procedure 41(b), Leong failed to comply with a Court order by not filing an amended complaint. Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a

2

court order, a defendant may move to dismiss the action or any claim against it." In light of the Court's decision that Leong's letter should be construed as an amendment to his complaint due to his *pro se* status, Arrow's motion must be denied. Leong has attempted to prosecute his case and has even filed requests for the appointment of *pro bono* counsel. The Court is not prepared to find, nor does the record support a finding, Leong disobeyed a Court order or abandoned his case. Accordingly, Arrow's motion is denied.

Finally, Leong's motion for the appointment of *pro bono* counsel is denied without prejudice. Courts are cautioned to "[e]xercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997). While the Third Circuit has set forth a list of factors a district court must consider in determining whether to appoint counsel for an indigent litigant in a civil case, the threshold requirement is that "the plaintiff's claim must have some merit in fact and law." *Id.* at 457 (quoting *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993)).

The record before the Court does not support a meritorious case. Even considering Leong's "amendment," he fails to state a claim. Accordingly, the appointment of *pro bono* counsel is not appropriate at this time and Leong's application is denied.

The Court will allow Leong one last attempt at amending his complaint. If he chooses to do so, he shall move to amend his complaint within thirty (30) days of this Order and shall include a proposed amended complaint for the Court's review. If the amended complaint fails to address the deficiencies described in the Court's July 17, 2017 Opinion, the case will be dismissed with prejudice. If Leong fails to move to amend his complaint, the Court will presume he has chosen to stand on his presently filed complaint and will dismiss the case with prejudice.

Accordingly, for the reasons set forth above, and for good cause appearing,

**IT IS** on this 26th day of March 2018,

**ORDERED** that Leong's letter request to reopen his case (ECF No. 16) is **DENIED**; and it is further

**ORDERED** that Arrow's Motion to Dismiss Leong's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 18) is **DENIED**; and it is further

**ORDERED** that Leong's Motion for Appoint of *Pro Bono* Counsel (ECF No. 21) is **DENIED**; and it is further

**ORDERED** that the case will remain **CLOSED**; and it is finally

**ORDERED** that, if Leong wishes to amend his complaint, he shall move to amend his complaint within thirty (30) days of this Order and shall include a proposed amended complaint addressing the deficiencies described in the Court's July 17, 2017 Opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**